IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

APR 06 2017

Clerk, U.S. Courts
District of Montana
Missoula Division

| | |
|---|---|
| WILLIAM J. NORDHOLM,<br><br>Petitioner,<br>vs.<br><br>T.J. MCDERMOTT,<br><br>Respondent. | Cause No. CV 17-19-M-DLC-JCL<br><br>ORDER and FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

This case comes before the Court on William J. Nordholm's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Nordholm is a state prisoner proceeding pro se.

## I. Motion to Proceed In Forma Pauperis

Nordholm has moved this Court to proceed in forma pauperis. (Doc. 2). Although he has not provided the Court with the requisite copy of his inmate trust account statement, there is no reason to delay this matter further. Nordholm's motion will be granted.

## II. 28 U.S.C. § 2254 Petition

Based upon a review of Nordholm's Petition (Doc. 1), as well as the Montana Supreme Court's decision denying habeas corpus relief, *Nordholm v. McDermott*, OP 17-0121 (Mont. March 14, 2017),[1] it appears that Mr. Nordholm's

---

[1] All state court decision are available at: https://supremecourtdocket.mt.gov/ (accessed April 4, 2017).

1

petition should be dismissed for failure to state a cognizable federal habeas claim.

## A. Factual and Procedural Background

In July 2001, following a plea of guilty, Nordholm was sentenced for one count of sexual intercourse without consent, in the Montana Third Judicial District, Deer Lodge County.[2] He received a ten-year prison sentence with five of the years suspended. See, *Nordholm*, OP 17-0121 at 1. Nordholm has fully discharged that sentence. Nordholm was subsequently convicted in two separate matters both of which are currently pending on appeal. *Id.* In the first matter, Nordholm was convicted of two misdemeanors- resisting arrest and obstructing a peace officer.[3] *Id.* In the second matter Nordholm was convicted of felony aggravated kidnapping and misdemeanor partner or family member assault.[4] *Id.*

According to the Montana Supreme Court in the state habeas proceeding, Nordholm sought placement at the Connections Corrections Program (CCP), and this placement was denied by the Department of Corrections, Probation and Parole Division (PPD). Apparently this denial was based, at least in part, on the screening committee's consideration of Nordholm's 2001 conviction for sexual intercourse without consent. *Id.* at 1-2.

Nordholm challenged this denial via a state writ of habeas corpus, alleging a

---

[2] See, https://app.mt.gov/conweb/Home/OffenderNumber/2011154 (accessed April 4, 2017).
[3] See, *State v. Nordholm*, DA 15-0743 (filed December 3, 2015).
[4] See, *State v. Nordholm*, DA 17-0120 (filed February 27, 2017).

2

due process violation. The Montana Supreme Court held that habeas corpus relief was not available to Nordholm because such relief is only available to challenge the legality of one's incarceration. *Id.* at 2, citing Mont. Code Ann. §46-22-101(1). Further, the Court determined that Nordholm was provided all the process he was due, including receiving a copy of the Probation and Parole Division Screening Committee's decision and reason for the denial. *Id.* He was also informed he could reapply for placement in four months. Thus, Nordholm failed to establish a due process violation under the Department of Correction's Policy or that he was entitled to habeas corpus relief. *Id.* Nordholm's petition was denied.

### B. Nordholm's claims

In the instant petition, Nordholm challenges the Montana Supreme Court's denial of his state habeas petition. (Doc. 1 at 1, ¶1). Nordholm claims a due process violation occurred when the Butte Pre-Release Center denied Nordholm acceptance into their program and the Montana Supreme Court upheld the denial. Nordholm further clarifies that he believes the Montana Supreme Court misunderstood his petition. (Doc. 1-1 at 1). Specifically, the Court interpreted his petition to mean that he was denied placement at CCP, when in reality, he was accepted at CCP, but was denied subsequent placement at the Butte Pre-Release Center located in Silverbow County. Nordholm argues that the policy referenced by the Montana Supreme Court in its decision was inapplicable to him because he

3

was not seeking placement from prison, i.e. - via an institutional screening committee. *Id.*, see also, Department of Corrections Operational Procedure No. PPD 4.1.100.[5]

Nordholm further explains he believes his due process right was violated because the Butte Pre-Release Center denied his placement based upon criteria 3(f): "[t]he offender has committed a sexual or violent offense in the community in which the facility is located and where his/her victim resides." PPD Proc. 4.1.100(G)(3)(f). Nordholm argues that he was convicted in Deer Lodge County of sexual assault, not in Silverbow County- the "community" in which the Butte Pre-Release Center is located. (Doc. 1 at 5, ¶12). From this premise, Nordholm argues he was denied acceptance into the Butte Pre-Release Center without adequate evidence or the opportunity to present his own evidence in violation of his right to due process.

Nordholm further explains that the application he submitted was tailored to CCP for their screening. He believes once CCP accepted him into their program, he should have been allowed to author a second application tailored specifically for the Butte Pre-Release Center. *Id.* at 7. Nordholm contends the information that was submitted to the Butte Pre-Release screening committee was incomplete and/or erroneous. *Id.* at 8.

---

[5] Available at: http://cor.mt.gov/Policy/ProbationAndParoleProcedures (accessed April 5, 2017).

4

Apparently, Nordholm has now been accepted into the Helena Pre-Release Program. (Doc. 1-1 at 2). Nordholm will be placed at CCP and then transferred to Helena Pre-Release when a bed date becomes available. *Id.*[6]

### C. Analysis

There are several problems with Nordholm's petition as it stands. First, this Court does not sit in appellate review of the Montana Supreme Court. Likewise, Federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); see also, *Peltier v. Wright,* 15 F. 3d 860, 861061 (generally federal habeas corpus relief is unavailable for alleged errors in interpretation and application of state law). Regardless of whether or not the Montana Supreme Court cited a portion of PPD Proc. 4.1.100, that was inapplicable to Nordholm, it does appear the portion of the procedure that *was* applicable to Nordholm was followed by Local Screening Committee. *See generally,* PPD Proc. 4.1.100(G). Thus, even if this Court were able to review state law errors, it does not appear there was an error in the present case.

While Nordholm was allowed the ability to select a specific Pre-Release Center, there was no guarantee of such placement. PPD Proc. 4.1.100(G)(4). Apparently, Nordholm was denied placement at Butte Pre-Release, pursuant to

---

[6] A review of the Montana Correctional Offender Network reveals that as of March 27, 2017, Nordholm was transferred to CCP. See, https://app.mt.gov/conweb/Home/OffenderNumber/2011154.

5

policy, because the committee deemed Nordholm had committed an offense within the community. While the Court realizes Nordholm's convictions were not out of Silverbow County, they were out of the adjacent county, Deer Lodge. Thus, one could reasonably argue that the two are part and parcel of the same community. It is not the province of this Court to second guess determinations made by state officials. Further, it appears that once Nordholm's referral was denied by the Butte Pre-Release, it was forwarded to the next Pre-Release Center, in accordance with policy. See, PPD Proc. 4.1.100(G)(4). The next Center on the list, the Helena Pre-Release Center, accepted Nordholm. Thus, it certainly does appear that Nordholm was provided the process which was due to him under the Department of Corrections' outlined procedure.

All of these considerations aside, Nordholm's petition ultimately fails here because the claim he attempts to advance is not cognizable in habeas. A state prisoner is entitled to federal habeas relief only if he is being held in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Although Nordholm characterizes his claim as a due process violation under the Fourteenth Amendment, closer review reveals no constitutionally protected

liberty interest has been implicated by the denial of his placement at the Butte Pre-Release Center. Nordholm's desire for a specific and less-restrictive environment within the Montana Department of Corrections is not a cognizable liberty interest. A liberty interest may arise either from the Due Process Clause itself, or from the applicable law. *Olim v. Wakinekona*, 461 U.S. 238, 247-51 (1983); *Toussaint v. McCarthy*, 801 F. 2d 1080, 1089 (9th Cir. 1986). The Supreme Court has held that transfer of a prisoner to a more restrictive environment, even if it imposes "severe hardships" on an individual, does not impinge on a liberty interest. *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). Correspondingly, the disinclination of an institution to transfer an individual to a less restrictive environment does not impinge on a constitutional liberty interest. *Badea v. Cox*, 931 F. 2d 573, 576 (9th Cir. 1991). Thus, the Due Process Clause does not give rise to a liberty interest in pre-release treatment, much less placement at a specific pre-release facility requested by an inmate.

Moreover, the specific procedures cited by Nordholm and referenced herein have been reviewed. There is nothing in these regulations, particularly there is no "explicitly mandatory language," to suggest the creation of a protected liberty interest. See, *Kentucky Dept. of Corr. V. Thompson*, 490 U.S. 454, 463-64 (1989). Finally, the denial of the placement at the Butte Pre-Release Center is not the basis for Nordholm's current incarceration. The basis for his current incarceration stems

from the two criminal matters that are pending on appeal.  Nordholm has no constitutional or inherent right to prerelease placement and there is no protected liberty interest created by the Department of Corrections' screening procedure.  Thus, Nordholm cannot establish that he is in custody in violation of federal law.

### D. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C.. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  A certificate of appealability should be denied because there is no doubt that Nordholm's claim is not cognizable and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court makes the following:

### ORDER

1. Mr. Nordholm's Motion to proceed in forma pauperis (Doc. 2) is GRANTED.  The Clerk of Court is directed to waive payment of the filing fee.

## RECOMMENDATION

1. Mr. Nordholm's Petition (Doc. 1) should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Nordholm may object to this Findings and Recommendation within 14 days.[7] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Nordholm must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 6th day of April, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[7] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.