IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| WILLIAM J. NORDHOLM, | CV 17-19-M-DLC-JCL |
|---|---|
| Petitioner, | |
| vs. | ORDER |
| T.J. MCDERMOTT, | |
| Respondent. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Order, Findings and Recommendation on April 6, 2017, recommending dismissal of Petitioner William J. Nordholm's ("Nordholm") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Nordholm failed to timely object to the Findings and Recommendation, and so waived his right to de novo review of the record. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Because the parties are familiar with the facts of this case, they will not be repeated here.

Having reviewed the Findings and Recommendation, the Court finds no clear error in Judge Lynch's conclusion that Nordholm's petition should be dismissed because he fails to state a cognizable federal habeas claim. As discussed by Judge Lynch, Nordholm challenges a decision by the Montana Supreme Court which denied his request for a placement at a specific pre-release facility. Aside from the fact that this Court lacks appellate review of the Montana Supreme Court, Nordholm's petition fails to invoke a violation of a protected liberty interest because there is no constitutional right to be placed at a prerelease facility of one's choice. Further, and critical to this case, is the fact that Nordholm's current incarceration does not stem from his placement at a prerelase facility. In contrast, Nordholm is currently incarcerated on matters not related to his habeas petition. Thus, Nordholm's petition fails to establish that he is incarcerated in violation of federal law and, as result, does not state a cognizable federal claim.

Accordingly, there being no clear error in Judge Lynch's Findings and Recommendation, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL.

(2) Nordholm's Petition (Doc. 1) is DISMISSED for failure to state a claim.

(3) The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

(4) A certificate of appealability is DENIED.

Dated this 16th day of May, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court